

**NUMBER 13-20-00046-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JOSE LUIS HERNANDEZ,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                      **Appellee.**

### On appeal from the 370th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Tijerina

Appellant, Jose Luis Hernandez, proceeding pro se, attempts to appeal from judgments issued in trial court cause number CR-1118-13-G in the 370th District Court of Hidalgo County, Texas. We dismiss this appeal for lack of jurisdiction.

On March 27, 2014, the trial court sentenced appellant for two counts of attempt to commit capital murder of a peace officer and three counts of aggravated kidnapping.

Over five years later, on December 27, 2019, appellant filed a notice of appeal of the judgements.

On January 22, 2020, the Clerk of this Court notified appellant that it appeared the appeal was not timely perfected. Appellant was further informed the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Since that correspondence, appellant filed several motions, including a motion to extend the deadline. In the motions, appellant generally claims ineffective assistance of counsel among other various attacks on the judgment, but he failed to cure the defect.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Unless a motion for new trial is timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* R. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* R. 26.3.

Appellant's notice of appeal, filed more than five years after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Moreover, jurisdiction to grant post-conviction habeas corpus relief in felony cases rests exclusively with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (Vernon Supp. 2011); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W .3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West, Westlaw through 2013 3d C.S.); *see also Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999) (per curiam). The appeal is DISMISSED FOR LACK OF JURISDICTION. Accordingly, appellant's motions for extension of time, for counsel, and to remand are hereby DISMISSED AS MOOT.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of December, 2020.

3